# CASES

## DECIDED IN THE

# SUPREME COURT OF GEORGIA

### AT THE

## OCTOBER TERM, 1906.

---

### DANIEL v. THE STATE.

In the trial of a murder case it is erroneous to charge, "If a person receives a wound which was wilfully and unlawfully inflicted by another under such circumstances that it would be murder if death ensue, and death actually results, the burden is then on him who inflicted it to show that it did not cause the death.

Argued October 15,—Decided November 7, 1906.

Conviction of manslaughter. Before Judge Martin. Pulaski superior court. June 21, 1906.

*Fort & Grice,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.

COBB, P. J. The accused and three others were indicted for murder. The accused was placed on trial and convicted of voluntary manslaughter, and he assigns error upon the refusal of a new trial. It appears from the evidence that the accused and at least two of the other persons fired upon the deceased. Two wounds were found upon the body,—one upon the arm and one in the thigh. The evidence authorized a finding that the wound in the arm was inflicted by the shot fired by the accused, and that the wound in the thigh resulted from the shot fired by one of the others. Death resulted from the wound in the thigh. The judge charged the jury that, "If a person receives a wound which was wilfully and unlawfully inflicted by another under such circumstances that it would be murder if death ensue, and death actually results, the burden is then on him who inflicted it to show that it did not cause the death; but the evidence to do this may come from the

541

State's evidence." The evidence was entirely sufficient to establish that the death resulted from the wound in the thigh. There was little or no evidence to show that death resulted from the wound in the arm. The effect of the instruction was, therefore, that unless the accused made it appear, either from the State's evidence or otherwise, that death did not result from the wound in the arm, the accused would be guilty. We think this was an error so prejudicial in its nature as to require the reversal of the judgment. The burden was upon the State to show beyond a reasonable doubt, not only that the accused inflicted a wound under such circumstances that if death ensued the accused would be guilty of murder, but also to a like degree of certainty that death actually resulted from the wound inflicted. Until this was done, the burden was not shifted to the accused. The motion for a new trial contains numerous grounds, but we do not deem it necessary to enter into a discussion of the other assignments of error. Many of them are based upon the theory that the instructions were not adjusted to the evidence; and upon another trial the judge will no doubt see that his charge is relieved from this criticism.

*Judgment reversed. All the Justices concur.*